NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

GREGORY NELSON DESHAIES, *Appellant.*

No. 1 CA-CR 15-0319
FILED 10-20-2016
AMENDED PER ORDER FILED 10-20-16

Appeal from the Superior Court in Maricopa County
No. CR2010-153942-001
The Honorable Sam J. Myers, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Terry J. Adams
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Patricia K. Norris delivered the decision of the Court, in which Judge Samuel A. Thumma and Judge Margaret H. Downie joined.

---

**N O R R I S**, Judge:

¶1 A jury convicted Defendant Gordy Nelson Deshaies of resisting arrest and criminal trespass.[1] On appeal, Deshaies argues the superior court's instruction regarding resisting arrest rendered the charge duplicitous. Because Deshaies did not object to the instruction, we review for fundamental error and find none. *See State v. Henderson*, 210 Ariz. 561, 567, ¶ 19, 115 P.3d 601, 607 (2005). Therefore, we affirm Deshaies's conviction and sentence.

¶2 At trial, the superior court instructed the jury on the elements of resisting arrest as follows:[2]

> The crime of Resisting Arrest requires proof that:
>
> 1. A peace officer, acting under official authority, sought to arrest either the defendant or some other person; *and*
>
> 2. The defendant knew, or had reason to know, that the person seeking to make the arrest was a peace officer acting under color of such peace officer's official authority; *and*
>
> 3. The defendant intentionally prevented, or attempted to prevent, the peace officer from making the arrest; *and*

---

[1]Deshaies has not challenged his conviction for criminal trespass on appeal.

[2]The superior court's instruction mirrors the Revised Arizona Jury Instructions (Criminal) for the offense of resisting arrest. RAJI (Criminal) § 25.08 (2014).

4. The means used by the defendant to prevent the arrest involved either the use or threat to use physical force or any other substantial risk of physical injury to either the peace officer or another.

Whether the attempted arrest was legally justified is irrelevant.

¶3        In turn, Arizona Revised Statutes ("A.R.S.") section 13-2508(A) (Supp. 2015)[3] defines the crime of resisting arrest as follows:

A person commits the crime of resisting arrest by intentionally preventing or attempting to prevent a person reasonably known by him to be a peace officer, acting under color of such peace officer's official authority, from effecting an arrest by:

1. Using or threatening to use physical force against the peace officer.

2. Using any other means creating a substantial risk of causing physical injury to the peace officer.

3. Engaging in passive resistance.

¶4        Deshaies argues the three subsections of A.R.S. § 13-2508(A) establish three separate crimes and, therefore, paragraph four of the jury instructions, "the arrest involved *either* the use or threat to use physical force *or* any other substantial risk of physical injury," (emphasis added), rendered the charge duplicitous. A duplicitous charge exists when an indictment refers to only one criminal act but multiple alleged criminal acts are introduced at trial to prove the single charge. *State v. Paredes-Solano*, 223 Ariz. 284, 287, ¶ 4, 222 P.3d 900, 903 (quotations and citation omitted). Depending on the context, a duplicitous charge can deprive a defendant of notice of the charge, create the "hazard" of a non-unanimous verdict, and make it impossible to precisely plead prior jeopardy in a subsequent

---

[3]We cite to the current version of the statute, which has not been materially amended as relevant to our resolution of this appeal.

prosecution. *State v. Klokic*, 219 Ariz. 241, 244, ¶ 12, 196 P.3d 844, 847 (App. 2008) (citation omitted).

**¶5** Assuming, without deciding, that the resisting arrest statute creates separate offenses, Deshaies fails to establish fundamental error resulting in prejudice because the evidence at trial and counsel's arguments focused only on the "physical force" subsection of the statute. *See State v. Johnson*, 205 Ariz. 413, 417, ¶ 11, 72 P.3d 343, 347 (App. 2003) (appellate court considers closing arguments of counsel when evaluating jury instructions) (citation omitted). Thus, Deshaies was not defending against a duplicitous charge.

**¶6** One of the arresting officers testified that when he and the other officer went to arrest Deshaies, instead of putting his arms behind his back, Deshaies began to pull his arms forward in an attempt to evade the arrest. The officer stated Deshaies brought his arm "up in an upward forward motion trying to get out of [the other officer's] grasp." Eventually, the officers were forced to move Deshaies into the prone position (on his stomach) because he was pulling away from them.

**¶7** During closing arguments, the prosecutor argued, "What's important is, did [Deshaies] pull against [the officers]? And yes, he did. That's force." Deshaies's counsel similarly focused on physical force, arguing Deshaies had not used physical force against the officers. After quoting the definition of physical force contained in the jury instructions (force used upon or directed toward the body of another person), defense counsel argued, "Did Mr. Deshaies do that? No. There was no testimony of that whatsoever." In rebuttal closing, the prosecutor added, "He pulled away from the officer and the officer's hand, part of his body, when he made contact with the defendant. Both officers. That's physical force against the body." Accordingly, because the trial evidence and arguments of the parties implicated only one subsection of the statute, Deshaies has not met his burden in showing fundamental error resulting in prejudice.

**¶8** Therefore, for the foregoing reasons, we affirm Deshaies's conviction and sentence for resisting arrest.

